[Cite as *Woodmere v. Young*, 2018-Ohio-1508.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106011**

---

**VILLAGE OF WOODMERE**

PLAINTIFF-APPELLEE

vs.

**JOEY LEE YOUNG**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Bedford Municipal Court
Case No. 16-CRB-02104

**BEFORE:** Blackmon, J., E.A. Gallagher, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By: Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Lon D. Stolarsky
5333 Northfield Road, Suite 250
Bedford Heights, Ohio 44146

PATRICIA ANN BLACKMON, J.:

{¶1} Joey Lee Young ("Young") appeals from his domestic violence conviction and assigns the following error for our review:

I. Appellant was denied the effective assistance of counsel at his trial.

{¶2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

{¶3} On November 6, 2016, Young's wife called the police after the couple got in a fight at their home in the village of Woodmere. The police responded to the call but no arrests were made. The following day, Young was charged with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. On June 7, 2017, after a bench trial, the court found Young guilty of domestic violence and placed him on probation.

{¶4} On appeal, Young argues that his trial counsel was ineffective by failing to object to improperly admitted hearsay testimony and leading questions by the prosecutor on the direct examination of both of the state's witnesses — the victim and the responding police officer. The state, on the other hand, argues that defense counsel's failure to object "neither fell below an objective standard of reasonableness nor did it give rise to a reasonable probability of a different outcome."

{¶5} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's

performance." *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

**{¶6}** "The failure to object to error, alone, is not enough to sustain a claim for ineffective assistance of counsel. To prevail on such a claim, a defendant must first show that there was a substantial violation of any of defense counsel's essential duties to his client and, second, that he was materially prejudiced by counsel's ineffectiveness." *Ohio v. Holloway*, 38 Ohio St.3d 239, 244, 527 N.E.2d 831 (1989). *See also State v. Wright*, 8th Dist. Cuyahoga No. 92344, 2009-Ohio-5229, ¶ 45 ("The failure to object is not a per se indicator of ineffective assistance of counsel because counsel may refuse to object for tactical reasons").

**{¶7}** Additionally, "it is within the trial court's discretion to allow leading questions on direct examination." *State v. Jackson*, 92 Ohio St.3d 436, 449, 2001-Ohio-1266, 751 N.E.2d 946. Furthermore, "[w]hen the trial court is the trier of fact, the judge is presumed capable of disregarding improper hearsay evidence, and unless it is demonstrated that the court relied on inadmissible hearsay, a conviction will not be reversed." *State v. Crawford*, 8th Dist. Cuyahoga No. 98605, 2013-Ohio-1659, ¶ 61.

**{¶8}** In the case at hand, although Young acknowledges that failure to object "rarely" leads to ineffective assistance of counsel, he argues that, because his trial attorney failed to object to *anything*, "a question must arise as to the effectiveness of the counsel afforded to the defendant." (Emphasis sic.) For example, Young argues that the following questions, which the prosecutor asked the victim during direct examination, were improperly leading: "So he pushes you the length of the garage?" "[F]irst your body hit the refrigerator and then you were pushed to the floor?"

{¶9}    Upon review, we find that the prosecutor asked these questions to summarize or clarify the victim's previous testimony.  Accordingly, it was within the court's discretion to allow this line of questioning, and we find that defense counsel was not ineffective by failing to object to it.  Furthermore, defense counsel vigorously cross-examined the victim during Young's case-in-chief, and Young fails to show that the victim's testimony was prejudicial.

{¶10} Young also argues that the following questions put to the testifying police officer called for inadmissible hearsay: "What did [the victim] essentially tell you occurred?"  "Did she relate to you that at some point [Young] became physical?"

{¶11} Upon review, we find that counsel was not deficient by failing to object to these questions.  First, this case was tried to the bench, and there is no reason to believe the court relied on inadmissible hearsay.  Second, the victim testified in this case and was subject to cross-examination.  Furthermore, Young makes no showing that the officer's testimony was prejudicial to him.

{¶12} Accordingly, Young's sole assigned error is overruled.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Bedford Municipal Court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

EILEEN A. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR